IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS McCLAIN,<br>        Plaintiff,<br><br>    vs.<br><br>MRS. ARNOLD; PAROLE OFFICE MAFIA,<br>        Defendants. | )<br>)<br>)<br>) Civil Action No. 05-512<br>) Judge Terrence F. McVerry/<br>) Magistrate Judge Amy Reynolds Hay<br>)<br>) |

## REPORT AND RECOMMENDATION

I. Recommendation

      It is respectfully recommended that the above-captioned case be dismissed for failure to prosecute.

II. Report

      The plaintiff, Thomas McClain, presented a civil rights complaint against "Mrs. Arnold" and "Parole Office Employee Mafia" on April 19, 2005. On May 12, 2005, this Court issued an order advising the plaintiff that he not only failed to sign the complaint but that he had failed to provide the correct number of copies for each named defendant and that his case would not be processed any further until the requisite paper work was provided [Docket No. 2]. On July 14, 2005, having failed to respond to the Court's order or provide the appropriate documents, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute which was returnable on or before August 10, 2005 [Docket No. 3]. To date, the plaintiff has failed to respond.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to the plaintiff's failure to comply with this Court's orders and weigh heavily against him.  The plaintiff's failure to provide the necessary paperwork so that his case can proceed and failure to respond to the Court's show cause order was not only solely his personal responsibility but his failure to do so even seven weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice

caused to the adversary by the plaintiff's failure to comply with this Court's Orders -- does not appear to weigh against the plaintiff as the defendants have not yet been served with the complaint.  Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against the plaintiff, although it appears that the defendants may have meritorious defenses.  Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted."  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

       The final factor to consider is the effectiveness of sanctions other than dismissal.  Since the plaintiff has sought in forma pauperis status, it does not appear that monetary sanctions are appropriate.  Moreover, because he has failed to respond to the Court's orders and failed to submit the requisite documents so that the case may go forward, it appears that the plaintiff has no serious interest in pursuing this case.  It therefore appears that dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice.  Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

       Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond

thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

AMY REYNOLDS HAY
United States Magistrate Judge

Dated: September 26, 2005

cc: Thomas McClain
    FG-3934
    SCI Smithfield
    1120 Pike Street
    P.O. Box 999
    Huntingdon, PA 16652